UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTER DEWILDE and ROBERT DEWILDE,

    Plaintiffs,

v.                                                  CASE NO: 8:09-cv-1399-T-26TBM

SEARS, ROEBUCK AND COMPANY and
PAUL R. FITZGERALD,

    Defendants.
                                      /

## **O R D E R**

Plaintiffs, through counsel, have this day filed a motion to enlarge the time within which they must serve Defendant Paul R. Fitzgerald (Fitzgerald). After carefully considering Plaintiffs' motion, together with the procedural history of this case as reflected in the court docket, the Court concludes that the motion is due to be denied and this case dismissed without prejudice.

Plaintiffs originally filed their complaint in a Florida state court on April 23, 2009, accusing Defendant Sears Roebuck & Co. (Sears) and Fitzgerald of negligence with regard to an incident which occurred on November 17, 2008, at which time Fitzgerald's dog attacked Plaintiff Ester De Wilde while they were exiting Sears' store.[1] Sears, after being served with state process, removed the case to this Court on July 23, 2009, based on diversity jurisdiction.[2] In the Notice, Sears represented that service was attempted on Fitzgerald by delivering a copy of the summons and complaint to the "Tenant of Mail Agent" for Fitzgerald.

---

    [1] See docket 2.

    [2] See docket 1.

The Court notes that Exhibit B attached to the Notice contains the return of service as to Fitzgerald confirming this representation. On the return, the serving agent attested to the fact that on May 27, 2009, at the location of Snowbird Mail & Message, 914 SW Coast Highway, Suite 104, Newport, Lincoln County, Oregon, he served Sharon J. Kelly with a copy of the summons and complaint as the person in charge of the place where Fitzgerald receives his mail.[3] As Sears correctly points out in the Notice, "[t]here is no provision for such service under Florida law. Therefore, Defendant Paul R. Fitzgerald has not been formally or properly served with process in this action[.]" Given that circumstance, the 120-day time period for serving Fitzgerald under Rule 4(m) of the Federal Rules of Civil Procedure commenced on the date Sears removed the case to this Court, or July 23, 2009. See, e.g., G.G.G. Pizza, Inc. v. Domino's Pizza, Inc., 67 F.Supp.2d 99, 102 (E.D. N.Y. 1999) (and cases cited) (determining that the 120-day time requirement of Rule 4(m) governs service on a defendant not served in state court prior to removal).

Following removal, Plaintiffs litigated this case solely against Sears, culminating in the dismissal of their claims against Sears with prejudice pursuant to a settlement agreement on February 8, 2010, as well as Sears' cross-claim against Fitzgerald,[4] which the court file reflects it never served on Fitzgerald nor actively pursued. Now, almost six and one-half months after the clock began running under Rule 4(m) to serve Fitzgerald,[5] Plaintiffs' counsel has filed a perfunctory two-page motion requesting that this Court grant them an additional 120 days to

---

[3] See docket 1, Exhibit B, pages 12-13.

[4] See dockets 17 and 18.

[5] To be more precise, by the Court's calculation, 202 days have elapsed since removal.

serve Fitzgerald, alleging, with absolutely no elaboration that "[d]iligent effort has been made to locate and serve Defendant Paul R. Fitzgerald."

Under Eleventh Circuit precedent, this Court must undertake two determinations in deciding whether to afford Plaintiffs additional time to serve Fitzgerald. First, the Court must determine whether good cause exists to excuse Plaintiffs' failure to serve Fitzgerald within the 120-day time period mandated by Rule 4(m). Second, assuming the absence of good cause, the Court must then exercise its discretionary authority in deciding whether to grant Plaintiffs additional time to serve Fitzgerald. See Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009); Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

As the Eleventh Circuit teaches, "[g]ood cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence prevented service.'" Rance 583 F.3d at 1286 (quoting Lepone-Dempsey, 476 F.3d at 1281). Plaintiffs have failed to demonstrate that any type of outside factor prevented service on Fitzgerald. Nor, through their terse motion, have they demonstrated diligence in serving Fitzgerald. The Court concludes from this record, therefore, that the failure to effect service on Fitzgerald was due to Plaintiffs' inadvertence and negligence. Consequently, Plaintiffs have utterly failed to show good cause for their failure to serve Fitzgerald in a timely manner under Rule 4(m). See Lepone-Dempsey, 476 F.3d at 1281-82.

The question now becomes whether this Court should exercise its discretion and afford Plaintiffs additional time to serve Fitzgerald. In answering that question, the Court must consider whether other factors exist which would warrant an extension of time to perfect service

on Fitzgerald, such as whether the applicable statute of limitations would bar Plaintiffs from refiling this action or if Fitzgerald has been evading service or concealing a defect in attempted service. See Lepone-Dempsey, 476 F.3d at 1282 (citing Horenamp v. Van Winkle and Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005)).

Plaintiffs have submitted nothing to this Court demonstrating that Fitzgerald has either consciously evaded service or consciously concealed his whereabouts to avoid service or in anyway concealed a defect in attempted service. Furthermore, given the fact that the events giving rise to Plaintiffs' cause of action for negligence against Fitzgerald occurred, according to their complaint, on November 17, 2008, they still have until November 17, 2012, within which to refile a negligence complaint against Fitzgerald if this case were to be dismissed. See Fla. Stat. § 95.11(3)(a) (2008) (providing that an action for negligence must be commenced within four years).

Accordingly, for the reasons expressed, Plaintiff's Motion to Enlarge Time to Serve Defendant Paul R. Fitzgerald and to Remove Case From Trial Docket (Dkt. 19) is denied. This case is dismissed without prejudice. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 11, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record